IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TERRANCE GRAHAM                                                                     PLAINTIFF

v.                                                                        No. 3:19CV116-GHD-JMV

M.C.C.F.
CAPTAIN MORROW
OFFICER WELLLS                                                                      DEFENDANTS

## OPINION GRANTING PLAINTIFF'S MOTION [24]
## FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
## CAPTAIN MORROW AND OFFICER WELLS

This matter comes before the court on the motion [24] by the plaintiff under Fed. R. Civ. P. 55 for default judgment against defendants Captain Morrow and Officer Wells, both of whom have been served, Doc. 17, and neither of whom has answered or otherwise appeared in the case. On April 24, 2020, the Clerk of the Court issued a Clerk's Notice [21] of Past Due Answer, and on July 6, 2020, the plaintiff moved [22] for entry of default as to these two defendants. The Clerk of the Court issued an Entry of Default [23] that same day. On July 9, 2020, the plaintiff moved for default judgment against defendants Morrow and Wells.

**Default Judgment in the Prison Litigation Reform Act Context**

Under Fed. R. Civ. P. 55(b), once a defendant is served with process, he must *appear* in the case: "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a)(emphasis added). The Clerk's Entry of Default completes the first stage of the default judgment process.

If the defendant, after the Clerk's Entry of Default, still fails to plead or otherwise defend, then the plaintiff may move for default judgment. Fed. R. Civ. P. 55(a). If a defendant has made an

appearance in the case, then "[he] must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). If he has not appeared, then notice of default judgment is not necessary.

An "appearance" under Rule 55(b)(2) has an extremely low threshold; the defendant need only give the plaintiff a clear indication that he intends to pursue a defense as to the claims in the plaintiff's formal action. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). This can be as informal as a telephone call, conversation, or participation in settlement negotiations about the case after it has been filed and the defendant served – as long as the intent to defend the case is clear. § 2686 Court's Entry of a Default Judgment—What Constitutes an Appearance, 10A Fed. Prac. & Proc. Civ. § 2686 (4th ed.) Though the bar for acts rising to the level of an appearance is low, neither service of process nor a waiver of service of process constitutes an "appearance" under Rule 55(b). *Rogers, supra* at 937-938. Thus, under Fed. R. Civ. P. 55, it is possible for a defendant to "appear," but not file a responsive pleading. In the present case, two defendants received service of process mailed to their place of employment; an employee acknowledged receipt of the summons, but neither defendant has appeared in the case.

Unlike a normal case, the present one is proceeding under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1997e *et seq.*, which sets forth procedural requirements a prisoner must meet to proceed with claims in federal court, and has other provisions tending to expedite the administration of these cases. One of those provisions, 42 U.S.C. § 1997e, permits a defendant to waive a responsive pleading in a prisoner case filed under 42 U.S.C. § 1983 – without admitting the allegations in the complaint:

(g) Waiver of reply

> (1) Any defendant *may* waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. *No relief shall be granted to the plaintiff unless a reply has been filed.*
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C.A. § 1997e(g)(2) (emphasis added).

Section 1997e(g)(1) of the PLRA provides, in part, that "no relief shall be granted to the plaintiff unless a reply has been filed." Some courts have interpreted this provision as barring a prisoner plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has no obligation to reply to the complaint. *Steele v. Wetzel*, No. CV 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015), *report and recommendation adopted,* No. CV 14-4823, 2015 WL 7734103 (E.D. Pa. Nov. 30, 2015).

That interpretation, however, loses sight of the context of the statutory language, which involves a defendant's right under the PLRA to waive the necessity of a responsive pleading. In construing a statute, the court must not look at a specific provision in isolation, but at the statute as a whole:

> In determining the meaning of the statute, we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy.

*Crandon v. United States*, 494 U.S. 152, 158, 110 S. Ct. 997, 1001, 108 L. Ed. 2d 132 (1990).

Subsection of 42 U.S.C. § 1997e(g) is entitled "Waiver of reply." Reading 42 U.S.C. § 1997e as a whole, the statement at issue "No relief shall be granted to the plaintiff unless a reply has been filed" lies in the context of the defendant's *waiver* of the right to reply. The concept of a waiver presumes that the defendant has been served (and thus knows of the existence and nature of the

allegations), has "appeared" in the case under Fed. R. Civ. P. 55(b), and has waived the filing of a response. That is not the situation in the present case.

The defendants in the present case have been served, but they have not even met the low bar of making an appearance. They have not waived a reply, as contemplated under 42 U.S.C. § 1997e(g)(1), and the "No relief shall be granted..." language never comes into play. In addition, if the court were to take the language of § 1997e(g)(1) in isolation (as several courts have), a prisoner plaintiff could *never* obtain a default judgment against any defendant. If the plaintiff can obtain no relief until the defendant responds to the complaint, then he could not obtain a default judgment – because at that point, the defendant would have pled or otherwise defended (a fact which defeats default judgment under Fed. R. Civ. P. 55(a)).

Some courts which have used the language at issue in isolation have held that, if the court *orders* a defendant to respond to the complaint, but the defendant fails to do so, then – at that point – the plaintiff may obtain a default judgment against that defendant. *See, e.g., Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015), *report and recommendation adopted*, No. 14-4823, 2015 WL 7734103 (E.D. Pa. Nov. 30, 2015); *Weatherspoon v. George*, No. 14-CV-12789, 2015 WL 753389, at *1 (E.D. Mich. Feb. 23, 2015); *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009). It appears that this construction of 42 U.S.C. § 1997e(g)(1) contradicts itself because the defendants *still* would not have filed a reply, and, taken in isolation, the statutory language remains, "No relief shall be granted to the plaintiff unless a reply has been filed." Thus, under this interpretation, if a defendant simply refused to participate in the case, the plaintiff could never obtain relief. Hence, if the court were to construe the language at issue as other courts have, then a defendant's best defense against a prisoner suit would be to refrain from making an appearance in the case at all.

-4-

The better interpretation is to read the language in 42 U.S.C. § 1997e(g)(1) as framed by the rest of the language in that subsection. That statute, taken as a whole, makes clear that the "[n]o relief shall be granted . . ." part applies only when a defendant has waived his right to file a responsive pleading. The language of 42 U.S.C. § 1997e(g)(1) can be summarized: (1) if a defendant served with process in a federal prisoner case believes that the complaint holds no merit, then he may waive his right to respond to the plaintiff's complaint; (2) such a waiver is not an admission of the allegations; and (3) if the court later finds that some claims have sufficient merit to move forward, then the court must afford the defendant an opportunity to respond to those claims. Under this interpretation, the natural reading of the following subsection is:

> [Even if a defendant waives the right to reply to a complaint,] [t]he court may *require* any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g)(2) (emphasis added). In several previous cases in this court, the defendant has filed a document entitled "Waiver of Reply," which made clear his intent to waive his opportunity to respond to the complaint.

Section 42 U.S.C. § 1997e(g) permits defendants in prisoner cases to save time and money by opting not to respond to a seemingly meritless suit, but gives such defendants a chance to defend against any allegations that the court later believes may have merit. Thus, Section 42 U.S.C. § 1997e(g) permits defendants to wait until the court has reviewed a *pro se* prisoner complaint before answering.[1]

---

[1] This court reviews *pro se* prisoner complaints as they are filed, holds a hearing with the plaintiff to flesh out his claims, then issues process for the defendants remaining. In this scenario, defendants simply file a responsive motion or pleading. This procedure obviates the need for a "Waiver of Reply."

-5-

With these ideas in mind, it appears in the present case that, in considering the *pro se* prisoner plaintiff's motion for default judgment, the court need not reach the language in 42 U.S.C. § 1997e(g) regarding waiver of a reply, as the defendants have neither appeared in the case nor submitted such a waiver. As such, the court can rely wholly upon Fed. R. Civ. P. 55 in deciding whether the plaintiff is entitled to default judgment.

### Fed. R. Civ. P. 55 – Default Judgment

In this case, the court finds that the plaintiff is entitled to a default judgment. As set forth above, defendants Morrow and Wells were served with process, but failed to appear in the case within the appointed time. The Clerk entered Notice that the defendants' answers were past due. Upon the plaintiff's motion for entry of default, the Clerk issued an Entry of Default as to these two defendants, which was mailed to them at the address listed on each summons. The plaintiff's Motion for Default Judgment is ripe for decision. As the defendants have been served and have failed to answer or otherwise defend against the allegations in the complaint, the plaintiff's Motion for Default Judgment against defendants Captain Morrow and Officer Wells is **GRANTED**. A hearing under Fed. R. Civ. P. 55(b)(2) to determine damages and other matters will be set by separate order.

According to the foregoing, a DEFAULT JUDGMENT shall be ENTERED in the Plaintiff's favor against the Defendants Captain Morrow and Officer Wells.

**SO ORDERED**, this, the 16th day of March, 2021.

_____
SENIOR U.S. DISTRICT JUDGE