IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRANCE GRAHAM**                                          **PLAINTIFF**

**v.**                                                                             **No. 3:19CV116-GHD-JMV**

**M.C.C.F.**
**CAPTAIN MORROW**
**OFFICER WELLLS**                                         **DEFENDANTS**

**ORDER SETTING ASIDE DEFAULT JUDGMENT**
**AS TO DEFENDANT CAPTAIN MORROW**

This matter comes before the court, *sua sponte*, for consideration of setting aside the default judgment entered against defendant Captain Morrow in this case under Fed. R. Civ. P. 60(b). Summonses were issued for Captain Morrow and Officer Wells in this case on September 27, 2019, and were mailed [14], along with the Complaint and a Notice and Acknowledgment of Receipt of Summons and Complaint by Mail (Acknowledgment), to the Marshall County Correctional Facility – the place of the defendants' employment at the time of the plaintiff's allegations.[1] An employee at the Marshall County Correctional Facility signed a return receipt [17] for those summonses. Officer Wells signed and returned the Acknowledgment [17] (completing service of process as to her); the court did not receive an Acknowledgment from Captain Morrow.

Through a scrivener's error, the court found that Captain Morrow had been served with process, and, when neither Wells nor Morrow appeared in the case, the plaintiff sought – and the Clerk of the Court entered – default against both. *See* Fed. R. Civ. P. 55(a). Then, on motion [24] of

---

[1] *See* Fed. R. Civ. P. 4(e)(1) (which permits parties in federal court to use the applicable state rules for doing so) and Miss. R. Civ. P. 4(c)(3)(setting forth the procedure for obtaining service of process mailing the summons, complaint, and acknowledgment to a defendant – and receiving a signed acknowledgment in return).

the plaintiff, the court entered default judgment [26] against both Wells and Morrow. *See* Fed. R. Civ. P. 55(b)(2). Default judgment against Wells was proper, but, upon review of the service of process documents, the court discovered its error in finding proper service as to Morrow.

As defendant Captain Morrow has not been served with process, default judgment entered against him is **SET ASIDE** under Fed. R. Civ. P. 60(b).

**SO ORDERED**, this, the 30th day of August, 2022.

_____
SENIOR JUDGE