IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRANCE GRAHAM**   **PLAINTIFF**

v.   No. 3:19CV116-GHD-JMV

**M.C.C.F.**
**OFFICER MORROW**
**OFFICER WELLS**   **DEFENDANTS**

### ORDER ON DAMAGES AS TO OFFICER WELLS

On March 16, 2021, the court issued an order [26] granting the plaintiff's July 9, 2020, motion [24] for default judgment against defendant Officer Wells. The court initially set a hearing on damages under Fed. R. Civ. P. 55 (b)(2) for November 19, 2021; however, the plaintiff encountered health issues and could not attend. The court, instead, permitted the plaintiff to submit a written statement of damages, and he provided the court with two such documents [30], [31]. These documents, along with the plaintiff's allegations in his complaint [1], provide the court with sufficient information to issue a ruling on damages, which the court summarizes here.

### Facts

The events in question occurred at the Marshall County Correctional Facility in Holly Springs, Mississippi. On September 20, 2018, Officer Wells told Captain Morrow that the plaintiff had assaulted her in the Christian Zone in the C-4 part of the facility. The plaintiff states that he never assaulted Officer Wells. He was nonetheless issued a prison Rule Violation Report charging him with the assault.

The plaintiff states that Captain Morrow assaulted him in retribution for his alleged attack on Officer Wells. The plaintiff was at church (held in the gymnasium) when Officer Wells and others arrived and called him out of the gym. Doc. 1 at 5. Captain Morrow then snatched the plaintiff by

his shirt, slammed him to the wall, and told the others to take him to lockdown because "we are going to jack his ass up." Doc. 30 at 2. The officers dragged Graham towards lockdown and arrived at the lockdown area door, where Morrow twisted his arm behind his back, and the officers present at the scene kicked Graham to the ground and stomped him, leaving him with blood all over his body. *Id.* Then, they slid Graham inside of lockdown to the shower, where Morrow took his glasses and bloody clothes. *Id.* Morrow then choked Graham and threatened to kill him. *Id.* at 3.

Graham asked the officer in charge of lockdown to let him speak to Corrections Investigation Division ("CID") (the prison version of Internal Affairs). Doc. 30 at 3. He spoke to CID the next day and told them what happened. *Id.* They asked for his clothes from the day before, and he told them Morrow had taken them and his glasses. *Id.* CID took no action regarding the beating or confiscation of his clothes and glasses. *Id.* Graham also spoke to the Chief of Security and the Warden, but neither took any action. *Id.* Warden Jesse Williams said he would take no action because Graham must have done something to Morrow to provoke the attack. *Id.* When Graham got out of lockdown Morrow punched him in the hallway for reporting the incident to CID. *Id.* at 4. Graham has suffered from headaches and dizziness since the attack. *Id.*

### Damages

In his complaint, the plaintiff sought as relief "a [lawsuit] on this place[] and get me to a safe[r] place than this." Doc. 1 at 8. Though Graham did not initially seek money damages, after he obtained a default judgment, the court gave him the opportunity to prove his damages under Fed. R. Civ. P. 55(a)(2). The plaintiff then provided two letters [30], [31] describing the attack and the damages to which he believes he is entitled. *See* Fed. R. Civ. P. 55(b)(2). He seeks $100,000 in compensatory damages for bodily injury, pain, and suffering – and $100,000 for medical and mental health treatment. Doc. 31.

**Availability of Damages in the Present Case**

Under Fed. R. Civ. P. 54(c) "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Though Graham's initial pleading did not contain a demand for money damages, during the default judgment process a defect in the pleadings may be cured by giving the plaintiff a chance to prove up his allegations under Fed. R. Civ. P. 55. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (acknowledging that, during default judgment proceedings, otherwise fatal defects in pleadings might be corrected at a hearing), *citing Ohio Cent. R. Co. v. Cent. Tr. Co.*, 133 U.S. 83, 91, 10 S. Ct. 235, 237, 33 L. Ed. 561 (1890) (during default proceedings, indefinite or uncertain allegations and demands in a complaint may be cured by proof); *Thomson v. Wooster*, 114 U.S. 104, 111, 5 S. Ct. 788, 792, 29 L. Ed. 105 (1885) (same). Thus, as to the facts contained within them, the plaintiff's submissions to the court [30], [31] cured the absence of a demand for money damages in the complaint, and the court will use this information to determine the amount of damages in this case.

**Examples of Compensatory Damages**

Authority regarding damages in prisoner cases is limited, and the awards of compensatory damages in cases involving excessive force vary a great deal, even when the different plaintiffs' injuries are similar. *See, e.g., Cooper v. Morales*, 535 F. App'x 425, 427 (5th Cir. 2013) ($30 compensatory damages award when plaintiff suffered two fractured ribs and a dislocated elbow); *Cowart v. Erwin*, 837 F.3d 444, 455–56 (5th Cir. 2016) ($10,000 compensatory damages award when plaintiff suffered a perforated eardrum, a neck sprain, multiple contusions, and swelling and tenderness in his right hand); *Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1378 (M.D. Fla. 2013)

($45,012 compensatory damages award against each of two defendants when plaintiff suffered scarring on his face from pepper spray, headaches, and numbness in his side).

### Punitive Damages Unavailable

As Mr. Graham did not request punitive damages in his complaint or documents submitted in lieu of a hearing under Fed. R. Civ. P. 55, he may not recover them through default judgment. Under the Federal Rules of Civil Procedure "[a] default judgment must not *differ in kind from*, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c) (emphasis added). Compensatory damages are different in kind from punitive damages, as they involve different standards of liability and require unrelated types of evidence for proof. *See generally Compton v. Alton Steamship Co.,* 608 F.2d 96, 104–05 n. 16 (4th Cir.1979)." *Eddins v. Medlar*, 881 F.2d 1069 (4th Cir. 1989). As the plaintiff did not request punitive damages, he is not entitled to them in this default judgment proceeding.

### The Amount of Damages in the Present Case

The court has considered the wide range of damage awards in cases from this circuit – and relies on over thirty years of experience in adjudicating tort cases – and finds that defendant Officer Wells is liable for compensatory damages to the plaintiff in the amount of $25,000.00.

**SO ORDERED**, this, the 12th day of September, 2022.

_____
SENIOR U.S. DISTRICT JUDGE